# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MANUEL R. LOPEZ,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>JOHN H. MISSIRLIAN, et al.,<br><br>　　　　　Defendants.<br>_____/ | CASE NO. 1:12-cv-01972-LJO-SKO<br><br>**ORDER DISMISSING PLAINTIFF'S COMPLAINT AND GRANTING 30 DAYS LEAVE TO AMEND**<br><br>(Docket No. 1) |

## I.　INTRODUCTION

On December 3, 2012, Plaintiff Manuel R. Lopez ("Plaintiff"), proceeding pro se and *in forma pauperis*, filed this action against Defendants John H. Missirlian ("Missirlian") and the law firm of Ciummo & Associates ("Ciummo," collectively "Defendants"). For the reasons set forth below, Plaintiff's complaint (Doc. 1) is DISMISSED without prejudice and with leave to amend.

## II.　BACKGROUND

Plaintiff's complaint alleges that Defendant Missirlian is employed as an attorney with Defendant Ciummo.[1] (Doc. 1, p. 2.) Plaintiff alleges that Missirlian interviewed Plaintiff on an unspecified date in the Fresno County Jail concerning Missirlian "being re-assigned as [Plaintiff's] lawyer regarding [his] pending criminal case." (Doc. 1, p. 3.) Plaintiff asserts that Missirlian misled Plaintiff and "illegally acquired [Plaintiff's] confidential and personal medical files which contain

---

[1] It is unclear whether Plaintiff intends Ciummo to be a separate Defendant, since Plaintiff's complaint captions "John H. Missirlian of Ciummo & Associates, Attorneys at Law" as the Defendant, but Plaintiff's application to proceed *in forma pauperis* captions both Ciummo and Missirlian as separate defendants. (*See* Docs. 1, 2.)

[his] confidential information without [Plaintiff's] signed consent." (Doc. 1, p. 3.) Plaintiff contends that this file contained "private psychological information regarding injuries [he] sustained . . . while working at Corporate Express, Inc., in the year 2004." (Doc. 1, p. 3.) As such, Plaintiff contends that Missirlian "illegally acquired" the "personal medical file" and thus violated Plaintiff's "right to protect [his] confidential information." (Doc. 1, p. 3.)

Plaintiff thus seeks to prevent Ciummo and attorney "Michael J Aed[2] [("Aed")]from using or disclosing [Plaintiff's] personal medical file in any way[,] shape or form in Fresno Superior Court" because Plaintiff's "workman's comp case is still pending."  (Doc. 1, p. 3.) Plaintiff asserts that disclosure of his medical information in his criminal proceedings would "present premature decisions and further injustices of criterias [sic] and or discrepancies concerning [his] inconclusive medical circumstances," although it is not clear whether Plaintiff is contending that his criminal proceeding or his worker's compensation proceeding would be prejudiced. (Doc. 1, p. 4.) Plaintiff requests that the Court  "prevent attorney Michael J. Aed from using and/or disclosing the contents of [Plaintiff's] personal-private workman's compensation confidential medical file" in any court or legal proceeding, including in the proceeding before the Fresno Superior Court. (Doc. 1, p. 4.) Plaintiff also requests that the Court order Aed to provide Plaintiff with all copies of Plaintiff's confidential worker's compensation files. (Doc. 1, p. 4.)

### III.   DISCUSSION

**A.   Screening Requirement**

In cases where the plaintiff is proceeding *in forma pauperis*, the Court is required to screen each case and shall dismiss the case at any time if the Court determines that the allegation of poverty is untrue or the action or appeal is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).  If the Court determines that the complaint fails to state a claim, leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc).

---

[2] Michael J. Aed is not named as a defendant by Plaintiff in the complaint.  (*See* Doc. 1.)

**B.	Legal Standard for Screening**

In determining whether a complaint fails to state a claim, the Court uses the same pleading standard used under Federal Rule of Civil Procedure 8(a). Under Rule 8(a), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Further, although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true. *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. (quoting *Twombly*, 550 U.S. at 555).

**C.	Plaintiff's Complaint is Unclear and Fails to Plead a Claim**

**1.	The Defendants are Not Properly Identified**

The caption in Plaintiff's complaint identifies "John H. Missirlian of Ciummo & Associates, Attorneys at Law" as the Defendant, but Plaintiff's application to proceed *in forma pauperis* states that both Ciummo and Missirlian are separate defendants. (*See* Doc. 1, p. 1; Doc. 2, p. 1.) Further, while Plaintiff alleges that attorney Missirlian interviewed Plaintiff in the Fresno County Jail, Plaintiff seeks to prevent attorney Aed from using Plaintiff's medical records but fails to name Aed as a Defendant or identify his connection to Missirlian. As such, the identity of the Defendants and the basis of Plaintiff's claims against them are unclear. Plaintiff's complaint must be amended to clearly identify the Defendants, and to set forth specific facts and claims against each Defendant.

**2.	Plaintiff's Underlying Factual Allegations are Unclear**

The events surrounding the allegations in Plaintiff's complaint are unclear. Plaintiff does not allege when he met with Missirlian or how Defendants acquired Plaintiff's confidential medical

3

information. Further, Plaintiff does not identify the current status of the criminal and worker's compensation proceedings, nor does he establish which proceeding would be prejudiced by the disclosure of the medical information or how such prejudice would result. Before the Court can determine the viability of Plaintiff's claims, Plaintiff must first clearly allege the factual basis of his claims.

### 3. Plaintiff Fails to Plead a Viable Federal Claim

Plaintiff's complaint indicates that is it being brought pursuant to 42 U.S.C. § 1983; however, the complaint fails to identify any federal Constitutional right or federal law under which Plaintiff is seeking relief, fails to establish that Defendants were state actors, and fails to allege injury.

#### a. Legal Standard for Section 1983 Claims

Section 1983 does not provide substantive rights; rather, it is "a method for vindicating federal rights elsewhere conferred." *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (citations and internal quotation marks omitted). In pertinent part, Section 1983 provides as follows:

> Every person who, under color of any statute, ordinance, regulation, custom or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in any action at law, suit in equity, or other proper proceeding for redress . . .

42 U.S.C. § 1983.

To sufficiently plead a cognizable Section 1983 claim, a plaintiff must allege facts from which it may be inferred that (1) he was deprived of a federal right, and (2) a person who committed the alleged violation acted under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Williams v. Gorton*, 529 F.2d 668, 670 (9th Cir. 1976). Additionally, a plaintiff must allege that he suffered a specific injury and show a causal relationship between the defendant's conduct and the injury suffered. *See Rizzo v. Goode*, 423 U.S. 362, 371-72 (1976).

#### b. Plaintiff's Complaint Fails to Identify a Federal Right

To plead a cognizable Section 1983 claim, Plaintiff must identify a deprivation of a federal right. *West*, 487 U.S. at 48. Plaintiff alleges that Defendants violated his rights by acquiring Plaintiff's "confidential and personal medical files[,] which contain confidential information, without

[his] signed consent." (Doc. 1, p. 3.) Plaintiff fails to allege how Defendants' acquisition of such information violates a federal right subject to a Section 1983 claim. *See*, *e.g.*, *Huling v. City of Los Banos*, 869 F. Supp. 2d 1139, 1148-54 (E.D. Cal. 2012) (discussing the dispute of whether Constitutional right to informational privacy regarding medical records exists and whether any such claim could be brought pursuant to Section 1983). Further, Plaintiff fails to identify any other federal right or federal law that was allegedly violated.

### c. Plaintiff's Complaint Fails to Identify a State Actor

A cognizable Section 1983 claim also requires Plaintiff to allege that the deprivation of a federal right was committed by a person acting under the color of state law. *West*, 487 U.S. at 48. "As a matter of substantive constitutional law the state-action requirement reflects judicial recognition of the fact that 'most rights secured by the Constitution are protected only against infringement by governments.'" *Lugar v. Edmonson Oil Co.*, 457 U.S. 922, 936 (1982) (citation omitted). As such, "[t]he United States Constitution protects individual rights only from *government* action, not from *private* action." *Single Moms, Inc. v. Montana Power Co.*, 331 F.3d 743, 746 (9th Cir. 2003). "Only when the *government* is responsible for a plaintiff's complaints are individual constitutional rights implicated." *Id*. at 746-47 (citation omitted).

Plaintiff is alleging claims against his attorney (and potentially an additional attorney and the law firm where the attorneys are employed). (*See* Doc. 1.) As such, Defendants appear to be private individuals or entities. For the conduct of a private person or entity to constitute state action, two elements are generally required: the exercise of a state-created right, privilege, or rule of conduct (state policy); and an actor who is either a state official, one who has acted together with a state official or has obtained significant aid therefrom, or one whose conduct is otherwise chargeable to the state (state actor). *Lugar*, 457 U.S. at 937.

"[S]tate action may be found if, though only if, there is such a 'close nexus between the State and the challenged action' that seemingly private behavior 'may be fairly treated as that of the State itself.'" *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n.*, 531 U.S. 288, 295 (2001) (citation omitted). Private entities have been treated as state actors only when they are controlled by a state agency, when they have "been delegated a public function by the State," when they are "entwined

5

with governmental policies," and when the "government is entwined in [their] management or control." *Id*. at 296 (citations omitted).  Generally, private parties are not acting under color of state law, and their conduct does not constitute state action.  *See Price v. Hawaii*, 939 F.2d 702, 707-08 (9th Cir. 1991).

Here, Plaintiff has pled no facts establishing that Defendants were state actors or that their conduct was controlled by and entwined with the government.

### d. Plaintiff's Complaint Fails to Allege Injury

To successfully plead a Section 1983 claim, Plaintiff must also allege that he suffered a specific injury and establish a causal relationship between the Defendants' conduct and the injury Plaintiff suffered.  *See Rizzo*, 423 U.S. at 371-72.  Plaintiff fails to allege any injury.

Accordingly, Plaintiff has not pled a cognizable federal claim.

## D. Amended Complaint Must Be Complete in Itself Without Reference to Any Prior Pleading

Accordingly, Plaintiff's complaint is DISMISSED WITHOUT PREJUDICE AND WITH LEAVE TO AMEND.  Plaintiff will be given an opportunity to amend the deficiencies of the complaint.  If Plaintiff chooses to file a first amended complaint, it should contain an explanation of which federal rights or laws were breached, how those breaches occurred, and set forth facts establishing the basis of Plaintiff's claims.

Plaintiff is advised that an amended complaint supercedes the original complaint, (*see Lacey v. Maricopa County*, 693 F.3d 896, 907 n.1 (9th Cir. 2012) (en banc)), and that the amended complaint must be "complete in itself without reference to the prior or superceded pleading." Local Rules of the United States District Court, Eastern District of California, Rule 220.  Once Plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.  If Plaintiff fails to file an amended complaint or fails to cure the deficiencies identified above, the Court will recommend that the complaint be dismissed with prejudice.

### IV.   CONCLUSION AND ORDER

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's complaint is DISMISSED without prejudice and with leave to amend; and
2. Plaintiff SHALL file an amended complaint within thirty (30) days of the date of service of this order.

IT IS SO ORDERED.

**Dated:   January 16, 2013**            /s/ Sheila K. Oberto
                                         UNITED STATES MAGISTRATE JUDGE